UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEMERON MONTEZ HARDIN                                            Plaintiff

v.                                                      Civil Action No. 3:19-cv-P48-RGJ

KENTUCKY DEPARTMENT OF CORRECTIONS, et al.           Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Kemeron Montez Hardin, *pro se*, filed this *in forma pauperis* action on the Court's approved 42 U.S.C. § 1983 complaint form. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed.

### **I. STATEMENT OF CLAIMS**

Plaintiff is incarcerated in the Hardin County Detention Center (HCDC). He names as Defendants the Kentucky Department of Corrections (KDOC), the HCDC, KDOC Offender Information Supervisor Duncan Kendall, and HCDC Class D Coordinator A. Jessie. He states that he was sentenced in 2013 to ten years in jail for theft; that he was released on parole; and that he violated his parole 56 days later and received a "24 month (2 yr) flop." He alleges that the time shown on his time card does not correspond to the "good time" he has earned. According to his complaint, Plaintiff "should have served out 12/1/2018 or 1/1/2019," putting him past his serve-out date. He states that he has written multiple requests to the KDOC to no avail. He also alleges that he has been "denied to go to the R.C. building due to a 12 yr old escape from 2007" even

though he has not been classified as an escape risk and that he has been wrongfully denied the right to earn work credit.

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 provides a private cause of action against state officials acting "under color of state law" that deprive persons of "a right secured by the Federal Constitution or laws of the United States." 42 U.S.C. § 1983. Although the Supreme Court has recognized that prisoners have a liberty interest in the correct application of jail credits to their sentences, *see Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court also has held that when the application of good-

time credits necessarily results in the prisoner's "immediate release from physical custody" or "in shortening the length of their actual confinement in prison, habeas corpus [is] their appropriate remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Thus, Plaintiff fails to state a § 1983 claim related to being held past his serve-out date due to alleged miscalculations by Defendants.

Moreover, Plaintiff's claims for monetary and punitive damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. at 81-82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

With regard to Plaintiff's claims that he has been denied the right to go to a particular building based on fears of his escape, a prisoner has no constitutional right to be held in a specific security classification. *Garrison v. Corr*, 26 F. App'x 410, 412 (6th Cir. 2001) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Nor does a Kentucky prisoner have a right to be housed in a particular place. *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995); *see also* Ky. Rev. Stat. §§ 196.070(1), 197.065 (granting Department of Corrections discretion to decide where to place or transfer prisoners). Therefore, the complaint does not state a claim related to where Plaintiff can or cannot go within the prison.

3

Finally, regarding Plaintiff's claim that he should be allowed to earn work credit, a prisoner does not have a constitutional right to prison employment. *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding prisoners have no constitutional right to rehabilitation, education, or jobs). Because "no prisoner has a constitutional right to a particular job or to any job," *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam), Plaintiff's claim related to not being able to work fails to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
    Hardin County Attorney
A961.009